# Exhibit A

E-FILED
7/22/2022 11:46 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV401926
Reviewed By: P. Newton

CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Candice Clipner, Esq., SBN 215379
Claire Cylkowski, Esq., SBN 335352
Mark Potter, Esq., SBN 166317
Mail: 100 Pine St., Ste. 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
mark@potterhandy.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| **Scott Johnson**, <br><br> Plaintiff, <br><br> v. <br><br> **Diaz-Olson Physical Therapy and Sports Rehabilitation, Inc.**, a California Corporation <br><br> Defendant. | 22CV401926 <br> **Case No.** <br><br> **UNLIMITED CIVIL CASE** <br><br> **Verified Complaint for Damages and Injunctive Relief for Violations of:** Unruh Civil Rights Act; California Disabled Persons Act <br><br> ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5 |

Plaintiff Scott Johnson complains of Diaz-Olson Physical Therapy and Sports Rehabilitation, Inc., a California Corporation ("Defendant"); and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities and a member of a protected class of persons under the Americans with Disabilities Act.

1

Verified Complaint

Plaintiff is a level C-5 quadriplegic. He cannot walk and has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2. Defendant Diaz-Olson Physical Therapy and Sports Rehabilitation, Inc. owned Diaz-Olson Physical Therapy and Sports Rehabilitation located at or about 452 E. El Camino Real, Sunnyvale, California, in March 2022.

3. Defendant Diaz-Olson Physical Therapy and Sports Rehabilitation, Inc. owns Diaz-Olson Physical Therapy and Sports Rehabilitation ("Diaz-Olson") located at or about 452 E. El Camino Real, Sunnyvale, California, currently.

4. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**FACTUAL ALLEGATIONS:**

5. Plaintiff went to Diaz-Olson on March 1, 2022, and March 2, 2022, with the intention to avail himself of its goods, services, privileges, or advantages ("Benefits") motivated in part to determine if the defendant complies with the disability access laws.

6. Diaz-Olson is a facility open to the public, a place of public accommodation, and a business establishment.

7. Unfortunately, on the dates of Plaintiff's visits, the facility failed to comply with ADA Standards as it relates to wheelchair users like the plaintiff.

Verified Complaint

8. Plaintiff observed or encountered the following non-compliant conditions:

| Feature | Compliance Issue | Standard[1] |
|---|---|---|
| Sales counters | Sales counter was too high; greater than 36 inches high. | § 904 |

9. The above features are all available Benefits offered to customers but not offered in conformance with the ADA standard as they relate to the plaintiff's disability.

10. The failure to provide accessible sales counters denied Plaintiff full and equal access because the plaintiff was not able to see or reach above the counter surface without difficulty.

11. Plaintiff believes that there are other elements of the above features that likely fail to comply with the ADA Standards and seeks to have fully compliant Benefits for wheelchair users.

12. On information and belief, the above conditions currently exist.

13. These above barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

14. As a wheelchair user, Plaintiff benefits from and is entitled to use wheelchair-accessible facilities. The above inaccessible conditions deny the plaintiff full and equal access.

15. The defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

16. All of the barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the

---

[1] Cites to the 2010 ADA Standards for Accessible Design unless otherwise indicated.

3

Verified Complaint

Department of Justice for attention and these barriers are readily achievable to remove. However, should full compliance not be readily achievable, there are numerous alternative accommodations that could be made to provide a greater level of access than presently exists.

17. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges that the defendant has failed to take the necessary steps to ensure the removal of non-compliant architectural barriers as required by 42 U.S.C. § 12182(2)(A)(iv) and on information and belief, alleges that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. Plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

18. As the ADA has existed since 1990, and the facility is still non-compliant, Plaintiff alleges the above conditions are the result of either a policy failure or systematic negligence such that only regular audits of the facility architecture and policies will ensure future compliance.

19. Plaintiff is currently deterred from returning to Diaz-Olson due to knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again. Plaintiff will return to Diaz-Olson after the conclusion of the case to avail himself of its benefits and to confirm compliance with the disability access laws once it is represented to him that Diaz-Olson and its facilities are accessible.

20. Plaintiff is an ADA advocate and tester as that term is understood and protected under federal law. *Havens Realty Corp. v. Coleman*, 455 U.S. 363

4

Verified Complaint

(1982); *C.R. Educ. &Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1097 (9th Cir. 2017).

21. Compliance testing is recognized by the U.S. Supreme Court and civil rights advocates as a necessary method of enforcing civil rights laws.

22. In the year preceding the filing of this complaint, Plaintiff has filed approximately 590 lawsuits alleging violations of construction-related accessibility standards.

23. On the date alleged above, Plaintiff was in the area around the business engaged in constitutionally protected tester activities visiting businesses in the same manner as a potential customer to confirm their compliance with state and federal laws. Plaintiff was in the area because he was vacationing. Plaintiff's encounter with the above-listed conditions resulted in a denial of full and equal access under the ADA.

24. Plaintiff visited the subject business for the purpose of testing facility compliance with accessibility laws with the intention to use the Benefits of the facility in the same manner as a customer.

25. At the conclusion of this suit and after being informed that the barriers complained of have been removed, in furtherance of Plaintiff's tester motivations, Plaintiff intends to return to the business to confirm the accessibility of the above conditions.

26. Under California law, Plaintiff's constitutionally protected advocacy classifies him as a high-frequency litigant.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) Cal. Civ. Code § 51-53.

27. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this

complaint.

28. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

29. When a business provides sales counters, it must provide accessible sales counters.

30. Here, accessible sales counters have not been provided in conformance with the ADA Standards.

31. The Safe Harbor provisions of the 2010 Standards are not applicable

Verified Complaint

here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

32. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

33. Here, the failure to ensure that accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

34. The Unruh Act provides that any violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

35. Defendant's acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

36. Because the violation of the ADA resulted in a denial of full and equal access to the plaintiff, the defendant is also responsible for statutory damages, i.e., a civil penalty. Civ. Code § 55.56(a)-(c).

37. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of Plaintiff and against all Defendants.) Cal. Civ. Code § 54.1.

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The California Disabled Persons Act ("CDPA") guarantees, inter alia, that persons with disabilities are entitled to full and equal

accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 54.1.

39. The CDPA provides that any violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 54.1(d).

40. Defendant's acts and omissions, as herein alleged, have violated the CDPA by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

41. Because the violation of the ADA resulted in a denial of full and equal access to the plaintiff, the defendant is also responsible for statutory damages, i.e., a civil penalty. Cal. Civ. Code § 54.3.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendant to remove all presently existing architectural barriers as required by the Americans with Disabilities Act and the Unruh Civil Rights Act.[2]

2. For injunctive relief requiring that Defendant obtain biennial Certified Access Specialist ("CASp") architectural inspections of the subject facility to verify ongoing ADA compliance and follow those inspection's recommendations of all readily achievable barrier removal.

3. For injunctive relief requiring implementation of accessibility policies and requiring annual employee training on providing full and equal access to clients or customers with disabilities.

---

[2] Note: The plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

4. Damages under the Unruh Civil Rights Act or California Disabled Persons Act, which provide for up to treble actual damages and a statutory minimum of $4,000 or $1,000 respectively per violation of each Act. While Plaintiff may prevail on each act individually, Plaintiff only seeks monetary recovery under whichever act results in the greatest damages, to be determined at trial.

5. Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

Dated: July 20, 2022              CENTER FOR DISABILITY ACCESS

                                  By: _____
                                        Mark Potter, Esq.
                                        Attorney for Plaintiff

# VERIFICATION

I am a party to this action, and I have read the foregoing complaint titled <u>Johnson v. Diaz-Olson Physical Therapy and Sports Rehabilitation, Inc., et al.</u> and know its contents. The facts stated in the complaint are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: __07/22/2022__          By: _*Scott Johnson*_ (DE4A5BF64AC6AD7BC4A4EEC8D0DBA695)

                                               Scott Johnson